**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELVIN SPENCER,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GOODWILL INDUSTRIES OF SAN DIEGO COUNTY,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 19cv156-LAB (MSB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. 2];**<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE.** |

On January 24, 2019, Plaintiff Melvin Spencer brought this suit against his former employer, Goodwill Industries, alleging that Goodwill discriminated against him on the basis of his race in violation of Title VII. Pending before the Court is his petition to proceed *in forma pauperis*.

Spencer's IFP application states that his average monthly income over the previous year was approximately $1,345. A portion of this amount is (or was) his salary from Goodwill and the remainder is comprised of government assistance. The Court finds Spencer is unable to pay the filing fee, and his motion to proceed IFP is therefore **GRANTED**. Dkt. 2.

When a plaintiff is permitted to proceed IFP, the Court is required to screen the complaint, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or

seeks monetary relief from an immune defendant. See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Prior to filing a suit for violation of Title VII, a complainant must first file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged violation. 29 C.F.R. § 1601.13(a)(1). "If the EEOC does not bring suit based on the charge, the EEOC must 'notify the person aggrieved' that [he or] she can file suit." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e-5(f)(1)). This notice is usually given in the form of a "right-to-sue letter," and "once a person receives an EEOC right-to-sue letter, [he or] she has 90 days to file suit." *Id.* While Spencer alleges that he received a right-to-sue letter on November 20, 2018, he has not provided a copy of that letter as he was instructed to do on Page 5 of his form complaint. Accordingly, he has not established that this Court presently has the ability to hear his claim. Spencer's complaint is **DISMISSED WITHOUT PREJUDICE**.[1] He may re-file an amended complaint with a copy of the right-to-sue letter from the EEOC (or some other evidence that he has exhausted his administrative remedies) no later than **March 4, 2019**. If he fails to amend by that date, the Court will close the case.

**IT IS SO ORDERED.**

Dated: February 4, 2019

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[1] At this point, the Court does not opine on the sufficiency of Spencer's allegations under Title VII, simply that he has not adequately pled jurisdiction.